**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GLENCORE LIMITED** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1627** |
| **SCHNEIDER NATIONAL CARRIERS, INC., ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is Defendant Schneider National Carriers, Inc.'s motion[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Glencore Limited brings this civil action against Defendants Schneider National and Jaswal Coach, Inc.[2] alleging the defendants are responsible for the loss or theft of cargo that Plaintiff engaged Schneider National to transport. Glencore claims breach of contract, negligence, gross negligence, and want of due care by the defendants. Glencore opposes[3] the motion to dismiss, and Schneider National filed a reply.[4]

For the following reasons, Defendant Schneider National's motion to dismiss is **GRANTED IN PART** as to any state law tort claims and **DENIED IN PART** as to any breach of contract claims.

---

[1] ECF No. 18.

[2] The Court entered a default judgment against Defendant Jaswal Coach, Inc. pursuant to Federal Rule of Civil Procedure Rule 55(a) for failure to appear. ECF No. 24. Moreover, Plaintiff voluntarily dismissed without prejudice its claims against a third defendant, ASVV Corp., pursuant to Federal Rule of Civil Procedure Rule 41(a)(1). ECF No. 26. The present motion was filed solely by Defendant Schneider National. ECF No. 18.

[3] ECF No. 20.

[4] ECF No. 22.

## I. BACKGROUND

Plaintiff's claims arise from the transportation and loss of approximately 43,148 lbs. of copper cathodes.[5] Plaintiff Glencore is a Swiss business corporation with its principal office in New York City.[6] Defendant Schneider National is a domestic corporation providing interstate freight carriage, transportation, brokering, and forwarding services.[7]

In December 2024, Glencore engaged Schneider National to transport bundles of copper cathodes to Carrollton, Georgia.[8] In preparation, Glencore gave Schneider National shipping instructions for the transport, including a unique security code.[9] The carrier was to present the shipping instructions and security code to receive the cargo from a warehouse in Arabi, Louisiana.[10]

According to the complaint, Schneider National subcontracted with a third-party[11] to execute the pick-up and transport from Arabi.[12] On or about December 17, 2024, a driver arrived at the warehouse in Arabi with a truck and trailer.[13] The copper cathodes were loaded onto the trailer, and the driver departed the warehouse.[14] However, the cargo never arrived in Carrollton.[15]

---

[5] ECF No. 1 ¶ 8.
[6] *Id.* ¶ 2.
[7] *Id.* ¶ 3.
[8] *Id.* ¶¶ 6–8.
[9] *Id.* ¶ 7.
[10] *Id.*
[11] Plaintiff pleads, on information and belief, that this third-party transporter was Jaswal Coach, Inc. and/or ASVV Corp. *Id.* ¶ 8.
[12] *Id.*
[13] *Id.* ¶ 9.
[14] *Id.*
[15] *Id.* ¶ 10.

According to the complaint, an individual or entity fraudulently obtained the shipping instructions, picked up the copper cathodes from the warehouse, and stole the cargo.[16] As a result, Glencore sustained a loss of $170,636.27.[17] Glencore claims this loss was due to Schneider National mishandling, misdirecting, or other otherwise engaging in malfeasance with the security code and shipping instructions.[18] Alternatively, Glencore claims that Schneider National was negligent in hiring its carriers, drivers, or third parties to transport the cargo, thereby allowing an unauthorized party to obtain the security code and shipping instructions.[19] Glencore raises claims of breach of contract, negligence, gross negligence, and want of due care against the defendants.[20] Schneider National moves to dismiss Glencore's claims under Federal Rule of Civil Procedure 12(b)(6).[21]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

[16] *Id.*
[17] *Id.* ¶ 12.
[18] *Id.* ¶ 10.
[19] *Id.*
[20] *Id.* ¶ 11.
[21] ECF No. 18.

*Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A motion under Rule 12(b)(6) "tests the sufficiency of the pleadings, not the merits of the case." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). The Court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *George v. Hobby Lobby Stores, Inc.*, 769 F. Supp. 3d 537, 544 (E.D. La. 2025) (quoting *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017)). Therefore, the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "[C]onclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

## III. ANALYSIS

### A. "Shotgun Pleading"

Schneider National first moves to dismiss Glencore's complaint as an impermissible "shotgun pleading" that fails to give fair notice of the basis for its claims.[22] It further claims that the complaint does not state a cause of action or explain which facts support which claims.[23] Upon review of the complaint, the Court does not agree.

A "shotgun pleading" is one that fails "to give the defendants adequate notice of the claims against them and the grounds upon which [each] claim rests." *Sistrunk v. Haddox*, No. 18-CV-516, 2020 WL 2549699, at *11 (W.D. La. May 19, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)). Shotgun pleadings violate Rule 8(a)(2) and thus should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); *see McZeal v. Higher Educ. Loan Auth. of State of Mo.*, No. 4:25-CV-02343, 2025 WL 3167760, at *2 (S.D. Tex. Nov. 13, 2025) (citing *Weiland*, 792 F.3d at 1320).

There are "four rough types or categories" of shotgun pleadings:

1. "[A] complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."

2. "[A] complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."

3. A complaint "that commits the sin of not separating into a different count each cause of action or claim for relief."

---

[22] *Id.* at 3–4.
[23] *Id.* at 4–5.

> 4. A complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Valadez v. City of San Antonio*, No. 21-CV-0002, 2022 WL 1608016, at *5 (W.D. Tex. May 20, 2022) (quoting *Weiland*, 792 F.3d at 1321–23).

However, a complaint is not a shotgun pleading simply because it contains group allegations or lumps together defendants. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, No. 15-CV-2177, 2016 WL 4479507, at *3 (E.D. La. Aug. 25, 2016), *aff'd in part, rev'd in part, and remanded on other grounds*, 869 F.3d 381 (5th Cir. 2017). The purpose of Rule 8 is "to [e]liminate prolixity in pleading and to achieve brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (quoting *Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952)). What matters is whether the complaint lays out the conduct underlying each allegation and gives each defendant adequate notice of the plaintiff's claims and the grounds upon which they rest. *Body by Cook, Inc.*, 2016 WL 4479507, at *3. Dismissal is only appropriate when "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Valadez*, 2022 WL 1608016, at *7 (quoting *Weiland*, 792 F.3d at 1325).

Schneider National presents several arguments against Glencore's complaint, none of which are persuasive. First, Schneider National alleges that the complaint is a shotgun pleading because it does not separate each cause of action or claim for relief

into different counts.[24] However, under Rule 10(b)(2), plaintiffs are generally only required to separate claims if they are founded on a separate transaction or occurrence. FED. R. CIV. P. 10(b)(2). The goal is not to achieve technical perfection but to "promote clarity" in the pleading. *Id.* Here, Glencore's complaint is based on a singular transaction or occurrence, the loss of its cargo. Thus, its claims are clear without the need for separate counts.

Schneider National next claims that the complaint fails to identify what causes of action are asserted or the law under which they arise.[25] But the Federal Rules do not require such specificity. "[A] complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Rule 8(a)(2) "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* At this stage in the litigation, Glencore has sufficiently asserted a "short and plain" statement of its claim: "The afore-described theft of the Cargo . . . was caused by the breach of contract, negligence, gross negligence, want of due care and/or fault of the defendants."[26]

Finally, Schneider National argues that the complaint does not "state which Defendant did what act or are subject to which claims."[27] Although the complaint does allege that all defendants may be liable for the same generalized actions, Glencore's grouping does not amount to an impermissible shotgun pleading. To warrant dismissal, the complaint must be so incomprehensible that it is "virtually

---

[24] *Id.* at 4.
[25] *Id.*
[26] ECF No. 1 ¶ 11.
[27] ECF No. 18 at 4.

impossible" for Schneider National to discern which allegations of fact are intended to support which claims for relief. *See Valadez*, 2022 WL 1608016, at *7. But the complaint states the time of the claim (December 2024), the activity alleged to have caused the injury (loss or theft of the cargo), the legal theories of recovery (breach of contract, negligence, gross negligence, want of due care), and the remedies sought (damages). Glencore's 7-page complaint is brief, simple, and clear, thus effectuating the purpose of Rule 8. *See Body by Cook, Inc.*, 2016 WL 4479507, at *3.

For these reasons, Defendant's motion to dismiss Glencore's complaint as an impermissible shotgun pleading is **DENIED.**

**B. The Carmack Amendment**

Next, Schneider National moves to dismiss Glencore's complaint because, under the Carmack Amendment, a broker cannot be held liable for loss of cargo.[28] Schneider National claims that it was acting as a broker. However, Glencore alleges facts that, taken as true, present a plausible claim that Schneider National was acting as a motor carrier, not a broker.

The Carmack Amendment governs the liability of interstate carriers for loss, damage, or delay of cargo during transport. 49 U.S.C. § 14706. Congress passed the Carmack Amendment "to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003).

The statute distinguishes between motor carriers and brokers. A "motor

[28] *Id.* at 5.

carrier" is defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). In contrast, a "broker" is "a person, other than a motor carrier, or an employee or agent of a motor carrier, that . . . sells, offers for sale, negotiates for, or holds itself out . . . as providing, or arranging for, transportation by motor carrier for compensation." *Id.* § 13102(2). Put simply, "[b]rokers are the transportation industry's matchmakers, connecting sellers of goods to the carriers who move them." *Montgomery v. Caribe Transp. II, LLC*, 608 U.S. 219, 222–23 (2026).

Many courts, including this one, have held that the Carmack Amendment does not apply to claims brought against brokers. *See, e.g.*, *Centennial Ins. Co. v. W.C. Fore Trucking, Inc.*, No. 05-CV-166, 2005 WL 8173985, at *3 (E.D. La. Dec. 21, 2005) ("[O]nly carriers can be liable to the shipper of goods for damages during transit."). But because they provide similar services, "the distinction between a broker and a carrier 'is often blurry.'" *Id.* at *4 (quoting *CGU Int'l Ins., PLC v. Keystone Lines Corp.*, No. C-02-3751, 2004 WL 1047982, at *2 (N.D. Cal. May 5, 2004)). For example, brokers may be classified as motor carriers "when they arrange or offer to arrange the transportation of shipments which they are authorized to transport and which they have accepted and legally bound themselves to transport." 49 C.F.R. § 371.2 (2025). Thus, courts are reticent to decide whether a party acted as a broker or motor carrier on a pre-trial motion. *See, e.g.*, *Centennial Ins. Co.*, 2005 WL 8173985, at *4 ("[A] genuine issue of fact persists as to whether [defendant] was a broker or a carrier. As such, the issue is not ripe for summary judgment . . . ."); *Consol. Freightways Corp.*

*of Del. v. Travelers Ins. Co.*, No. 00-CV-20726, 2003 WL 22159468, at *6 (N.D. Cal. Mar. 28, 2003) ("The question of whether [defendant] is a 'broker' or a 'motor carrier' cannot be resolved as a matter of law."); *Just Take Action, Inc. v. GST (Americas) Inc.*, No. 04-3024, 2005 WL 1080597, at *5 (D. Minn. May 6, 2005) (finding summary judgment inappropriate due to "a factual dispute over whether [defendant] played the role of broker or motor carrier").

Admittedly, the complaint suggests that Schneider National may have acted as a broker: "Schneider National . . . *brokered* the transportation of the Cargo."[29] But this is not conclusive. The complaint also presents evidence that Schneider National acted as a motor carrier. First, Glencore claims it gave Schneider National the shipping instructions and security code, raising at least a plausible inference that Schneider National was "authorized" to transport the cargo. *See* 49 C.F.R. § 371.2 (2025). Glencore further alleges that Schneider National then "sub-contracted out" this obligation.[30] If so, Schneider National was not just acting as a broker or matchmaker but was "legally bound [] to transport" the cargo as a motor carrier. *See id.* Taking these facts as true and viewing them in the light most favorable to the Plaintiff, the Court cannot say that Schneider National was acting as a broker as a matter of law.

For these reasons, Defendant's motion to dismiss on grounds of the Carmack Amendment is **DENIED.**

### C. FAAAA Preemption

[29] ECF No. 1 ¶ 8 (emphasis added).
[30] *Id.*

Schneider National further moves to dismiss Glencore's complaint because the Federal Aviation Administration Authorization Act ("FAAAA") preempts Glencore's state law claims.[31] The Court agrees with Schneider National that Glencore's state law tort claims are preempted. However, the FAAAA does not preempt Glencore's state law claim arising from breach of contract.

The FAAAA preempts state laws related to the prices, routes, and services of motor carriers or brokers "with respect to the transportation of property." 49 U.S.C. § 14501 (c)(1). Still, the statute carved out an important exception: States retain "safety regulatory authority . . . with respect to motor vehicles." *Id.* § 14501(c)(2)(A). The statute explicitly applies this "safety exception" to motor carriers. *Id.* But for many years, the Circuits were divided as to whether the exception permits state law tort claims against brokers. *Compare Ye v. GlobalTranz Enters., Inc.*, 74 F.4th 453, 464 (7th Cir. 2023) (holding that a negligent hiring claim against a broker did not fall within the safety exception), *and Aspen Am. Ins. Co. v. Landstar Ranger*, 65 F.4th 1261, 1272 (11th Cir. 2023) (same), *with Cox v. Total Quality Logistics, Inc.*, 142 F.4th 847, 857–58 (6th Cir. 2025) (holding that a negligent hiring claim against a broker did fall within the safety exception), *and Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1020 (9th Cir. 2020) (same).

In May 2026, the Supreme Court made headway towards resolving this Circuit split, holding that the safety exception permits negligent-hiring claims against brokers. *Montgomery*, 608 U.S. at 226 ("All agree that common-law duties and

---

[31] ECF No. 18 at 6.

standards of care form part of a State's authority to regulate safety."). In *Montgomery*, the plaintiff suffered severe injuries and a leg amputation after being hit by a truck driver who veered off the road. *Id.* at 224. The plaintiff sued the broker that coordinated the transport, claiming it was negligent in hiring a trucking company with a deficient safety rating. *Id.* at 224–25. The plaintiff alleged that, based on the safety rating, the broker knew or should have known that choosing a subpar transporter was reasonably likely to result in an accident. *Id.* at 225. The Supreme Court agreed, holding that the safety exception applies to a broker's negligent hiring of an unsafe motor carrier that results injury. *Id.* at 228.

As a result of this decision, both motor carriers and brokers are subject to the safety exception, and the exception can apply to Schneider National in either capacity. *See id.* at 228–29. However, not all state law tort cases fall within the exception; only "those involving regulations concerning motor vehicle safety." *Id.* at 227. The Supreme Court concluded that a negligent-hiring claim arising from a two-vehicle collision clearly concerns motor vehicle safety. *Id.* But "[o]ne can imagine many state laws that are related to motor carrier prices, routes, and services . . . that have no relationship to safety." *Id.*

The question, therefore, is whether a negligence claim arising from a loss of cargo has "a relationship to safety." Other courts, including in this Circuit, have held that it does not. *See, e.g.*, *Grupo Gusi S. de P.R. de R.L. de C.V. v. Select Transp. Partners, LLC*, No. H-26-120, 2026 WL 1804233, at *2 (S.D. Tex. June 23, 2026) ("An allegation that a broker negligently hired a fraudulent carrier is different from an

allegation that the broker negligently hired an unsafe carrier."); *Tapia Enters., Inc. v. Star Logistics, Inc.*, No. 2:26-CV-01254, 2026 WL 2262180, at *5 (C.D. Cal. Aug. 5, 2026) (holding that theft-based negligent-hiring claims remain preempted by the FAAAA); *Costas Provisions Corp. v. Coyote Logistics, LLC*, No. 1:25-CV-13590, 2026 WL 2693952, at *11 (D. Mass. Aug. 18, 2026), *report and recommendation adopted*, No. 1:25-CV-13590, 2026 WL 2691409 (D. Mass. Sept. 14, 2026) (holding that a claim to recover the economic value of lost or stolen cargo has "no nexus to public road safety").

This Court agrees. Unlike in *Montgomery*, Glencore does not allege that Schneider National negligently hired a driver or carrier that was likely to cause an accident or otherwise pose a threat to public safety. *See Montgomery*, 608 U.S. at 225. And Glencore does not claim that the carrier's operation of a motor vehicle was unsafe. Instead, Glencore alleges that Schneider National failed to exercise due diligence in allowing someone to fraudulently obtain the shipping instructions and abscond with the cargo.[32] Based on these facts, Glencore has not shown that its negligence claims against Schneider National relate to motor vehicle safety. Therefore, these claims do not fall within the safety exception and are preempted by the FAAAA.

However, the FAAA does not preempt claims for breach of contract. *See Wise Recycling, LLC v. M2 Logistics*, 943 F. Supp. 2d 700, 705 (N.D. Tex. 2013) ("49 U.S.C. § 14501 preempts all state law claims except for ordinary breach of contract claims.");

---

[32] ECF No. 1 ¶ 11.

*Huntington Operating Corp. v. Sybonney Exp., Inc.*, No. H-08-781, 2010 WL 1930087, at *3 (S.D. Tex. May 11, 2010) (interpreting 49 U.S.C. § 14501 to "preempt[] state law claims other than breach of contract"). Therefore, Glencore may still proceed with its claim for breach of contract.

For these reasons, Defendant's motion to dismiss on FAAAA preemption grounds is **GRANTED** as to Plaintiff's state law tort claims and **DENIED** as to Plaintiff's breach of contract claim.

**D. Breach of Contract**

The Court now turns to Glencore's only remaining claim: breach of contract. Schneider National moves to dismiss Glencore's breach of contract claim for failing to put the Defendant on notice of the basic elements of its claim.[33] The Court does not agree.

Schneider National first notes that Glencore fails to attach the contract or recite the terms of the contract in the complaint.[34] However, Schneider National cites no authority supporting why failing to attach the contract would entitle Defendant to dismissal. Neither the Federal Rules nor this Court's Local Rules mandate that a complaint for breach of contract must include the contract at issue. *See Int'l Pecans, LLC v. Ultra Trading Int'l Corp.*, 764 F. Supp. 3d 527, 534, 537 (W.D. Tex. 2025) (holding that a plaintiff plausibly alleged a breach of contract claim despite failing to attach the contract to the complaint). And although the complaint does not quote the

[33] ECF No. 22 at 9.

[34] *Id.* Glencore and Schneider National agree that a written contract existed between the parties. *Id.* at 9 n.4.

contract language, Glencore identifies the general terms Schneider National allegedly breached: "handl[ing] the transportation of the Cargo."[35]

Schneider National also disputes that Louisiana law applies, arguing that Glencore has failed to establish why Louisiana is the proper choice of law.[36] The Court does not disagree that choice of law could affect a future breach of contract analysis. However, Rule 8's requirement of a "short and plain statement" certainly does not require the plaintiff to establish choice of law at this stage in the litigation. *See* FED. R. CIV. P. 8(a)(2). Moreover, if Schneider National believes another law should govern this dispute, it could have resolved the confusion by attaching the contract to its motion to dismiss. *See Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). But without the contract, the Court cannot say that Louisiana law does not apply.

Finally, Schneider National alleges that Glencore fails to present a factual basis for its breach of contract claim. Again, this argument does not persuade. "The essential elements of a breach of contract claim are the existence of a contract, the party's breach thereof, and resulting damages." *1100 S. Jefferson Davis Parkway, LLC v. Williams*, 165 So. 3d 1211, 1216 (La. Ct. App 2015) (citing *Favrot v. Favrot*, 68 So. 3d 1099, 1108–09 (La. Ct. App. 2011)). Upon review, the Court is satisfied that the complaint alleges facts sufficient to support each of these elements. First, the

---

[35] ECF No. 1 ¶ 7.
[36] ECF No. 22 at 9.

existence of a contract between Glencore and Schneider National is undisputed.[37] Second, the complaint alleges that Schneider National breached its contractual obligation to "handle the transportation of the Cargo" when it failed to arrive in Carrollton. Finally, Glencore claims this alleged breach resulted in damages of $170,636.27.

For these reasons, Defendant's motion to dismiss for failure to state a claim for breach of contract is **DENIED.**

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's motion[38] to dismiss pursuant to Rule 12(b)(6) is **GRANTED IN PART** and **DENIED IN PART** as outlined above. Any state law tort claims asserted against Schneider National are dismissed with prejudice. The only claim remaining against Schneider National is for breach of contract.

New Orleans, Louisiana, this 25th day of September 25, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

[37] *Id.* at 9 n.4.
[38] ECF No. 18.